IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HANSON AGGREGATES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ROBERTS & SCHAEFER | § | |
| COMPANY, | § | |
| | § | No. 3:05-CV-1883-P |
| Defendant. | § | |
| | § | |
| v. | § | |
| | § | |
| HANSON AGGREGATES | § | |
| CENTRAL, INC., et al., | § | |
| | § | |
| Third Party Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim and Third-Party Action, filed June 8, 2006. Defendant filed its Response July 10, 2006, and Plaintiff replied July 25, 2006. The Counterclaims Plaintiff asks the Court to dismiss include Count D (Fraudulent Misrepresentation) and ¶ 46 (Fraudulent Inducement), Count E (Promissory Estoppel/Anticipatory Breach), Count F (conversion) in part, and Count H (Declaratory Judgment). Plaintiff also seeks the dismissal of all claims against the Plaintiff in Defendant's Third Party Complaint. For the reasons below, the Court hereby GRANTS IN PART and DENIES IN PART.

## I. BACKGROUND

This case arises from Plaintiff Hanson Aggregates, Inc.'s (hereinafter "Hanson" or "Defendant")[1] allegation that Defendant Roberts & Schaefer Company (hereinafter "R&S") failed to properly design and construct the New Perch Hill Facility (hereinafter "Plant") pursuant to its July 11, 2003 Engineering, Procurement, Construction Labor, and Management Agreement (hereinafter "Agreement") with Hanson. (Pl.'s Mot. 1.) Hanson Aggregates Central, Inc. (hereinafter "Hanson Central") contracted with Roberts and Schaefer to build the Plant, (Def.'s Resp. 3.) and Hanson Aggregates West, Inc. (hereinafter "Hanson West") owns the land upon which the Plant has been constructed.

According to the Contract, Hanson agreed to pay R&S up to $65,282,675 for the Plant; in return, the Plant was scheduled to be completed and fully operational no later than December 10, 2004. (Pl.'s Mot. 1.) Hanson avers that R&S failed to complete the Plant on time because of "many design and construction defects." (Pl.'s Mot. 1.) R&S contends it complied with its obligations under the Contract, and alleges that Hanson owes more than $14 million for R&S's work constructing the Plant. (Def. Resp. 2.) Hanson further claims that after months of waiting for the job to be completed and the deficiencies to be remedied, Hanson terminated the Contract and removed R&S in October 2004. Hanson says it has spent more than $8 million in corrections to the Plant's design and construction. (Pl.'s Mot. 2.)

---

[1] Hanson Aggregates (the Plaintiff), Hanson Aggregates Central, Inc. (the Third-Party Defendant), Hanson Central, and Hanson West will collectively be referred to as "the Hanson parties." Before this action was initiated, Hanson Aggregates Central, Inc. changed its name to Hanson Aggregates, Inc. Therefore, Hanson Aggregates and Hanson Central are the same entity. (See Pl.'s Mot. 1, n. 1.)

Hanson originally filed on September 22, 2005 in this Court, predicating jurisdiction on diversity of citizenship: Hanson is a Texas-based company while R&S is Delaware-based. On May 4, 2006, R&S filed the counterclaims and third-party complaints at issue in this action. Hanson now moves to dismiss these counterclaims and third-party claims pursuant to Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

Plaintiff has brought its Motion under Rule 12(b)(6), which stipulates that the movant must prove that Defendant has brought no Counterclaim or Third-Party Complaint on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such motions are "viewed with disfavor and . . . rarely granted." *Fin. Acquisition Partners LP v. Blackwell* 440 F.3d 278, 286 (5th Cir. 2006) (citing *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 246 (5th Cir.1997)). Under the standard set forth in *Conley v. Gibson*, a claim should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. 355 U.S. 41, 45-46 (1957). In rendering its decision, the Court must view the facts in light most favorable to the plaintiff. *Fin. Acquisition Partners LP*, 440 F.3d at 286; *see also*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

The Court does not address whether Plaintiff will ultimately prevail on the merits. *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 199 (5th Cir. 1994). However, dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

## III.  ANALYSIS

### A. Count D (Fraudulent Misrepresentation) and ¶46 (Fraudulent Inducement)

R&S claims it was induced by Hanson Central to enter into the Agreement because Hanson Central falsely held itself out as the "owner" under the Agreement. Defendant claims that this misrepresentation deprived it of having a "clearly definable party upon which to assert its mechanic's lein." (Countercl. 38, 46.) When alleging fraud, the claimant must meet the heightened pleading requirement of Rule 9(b): "In averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The burden is on R&S to plead fraud with particularity, which requires specifying fraudulent statements, identifying the speaker, identifying what the speaker stood to gain by making the statement, stating when and where the statements were made, and explaining why the statements were fraudulent. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997).

R&S comes nowhere close to meeting this burden in either its Counterclaim or its Response to Hanson's Motion to Dismiss. (See Def.'s Countercl. 14, 16; Def.'s Resp. 6-8.) First, R&S does not identify the person who made the fraudulent statements, stating only that "Hanson" committed the fraud. Further, the Counterclaim is devoid of any specific date or location where the statements were made. While R&S claims that Hanson used fraudulent statements to escape liability under the mechanic's lien, even that allegation lacks the particularity required by Rule 9(b), because no mention is made of any recoverable damages. *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 195 (5th Cir. 1996) (ruling that because

plaintiff failed to provide the extent of her damages, her claim failed to meet the particularity

requirement mandated by Rule 9(b)).  (Def.'s Resp. 7.))

Therefore, Plaintiff's Motion to Dismiss Count D (Fraudulent Misrepresentation) and

¶46 (Fraudulent Inducement) is GRANTED WITHOUT PREJUDICE. Defendant is hereby

GRANTED LEAVE TO AMEND within 20 days from the date of this order.

**B. Count E (Promissory Estoppel/Anticipatory Breach)**

R&S alleges that Hanson wrongly terminated them and thus is in breach of contract.

Defendant also brings a claim for promissory estoppel, arguing that Hanson should be estopped

from "enforcing or seeking to enforce any of the provisions of the contract. (Countercl. 39.)

Hanson asserts that a promissory estoppel claim cannot stand where there is a valid

contract between the parties covering the matter of the dispute. (Pl.'s Mot. 10.) R&S contends,

however, that if the disputed contract is deemed unenforceable, the counterclaim lays out an

alternative argument by which it can seek relief.

Under Texas law, to state a claim for promissory estoppel, R&S must show (1) a

promise, (2) Hanson's foreseeability of R&S's reliance thereon, and (3) substantial reliance by

R&S to its detriment. *Beverick v. Koch Power, Inc.,* 186 S.W.3d 145, 152 (Tex. App.—Houston

[1st Dist.] 2005, no pet.). Assuming the contract drawn between Hanson and R&S was

determined to be unenforceable, R&S has established that it could file a claim of promissory

estoppel in the alternative. R&S's Counterclaim sets out facts which support the above

mentioned elements to a promissory estoppel claim: (1) even if the contract was determined

unenforceable, the fact it is written and signed by the parties is evidence that a promise was

made; (2) if a promise was made by Hanson to pay R&S, it is obvious that Hanson could foresee R&S's reliance on being paid for constructing the plant; and (3) R&S could provide proof that they relied on said promise to their detriment. (See Def.'s Ans. 7-10.) Therefore, Plaintiff's Motion to Dismiss Count E (Promissory Estoppel/Anticipatory Breach) is hereby DENIED.

## C. Count F (Conversion)

R&S brings a counterclaim for conversion, claiming that Hanson is holding money belonging to it and is using those funds for its own benefit. R&S attempts to cast the 10% retainage of the contract price that Hanson has in its possession as a bailment that can be subject to conversion claims.

An action for the conversion of money may be brought where money is (1) delivered for safe keeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper. *Edlund v. Bounds*, 842 S.W.2d 719, 727 (Tex. App.—Dallas 1988, writ denied) (citing *Houston Nat'l Bank v. Biber*, 613 S.W.2d 771, 774-75 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.)). The retainage was not a conversion, because R&S did not give the money for the retainage to Hanson for safe keeping. The purpose of the retainage is to "secure the payment of artisans and mechanics who perform labor or service and the payment of other persons who furnish material, material and labor, or specially fabricated material for any contractor, subcontractor, agent, or receiver in the performance of the work." Texas Prop. Code Ann. 53.102 (Vernon 1995). To characterize the retainage as a bailment that was converted by

Hanson is a stretch the Court is not willing to make. Therefore, Plaintiff's Motion to Dismiss Count F (Conversion) is GRANTED.

**D. Count H (Declaratory Judgment)**

In its Counterclaims, Defendant seeks Declaratory Judgment on two points. First, R&S asks the Court to declare that it is not liable to Hanson for any tax now being charged because of Hanson's reclassification of various items, and second, that if the plant was considered operational for tax purposes at the end of 2004, it was also substantially complete under the terms of the agreement. Both of these claims will be covered at trial by the Court's determination in the breach of contract action. An "action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action." *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970). Also, a motion for declaratory judgment that merely restates a party's defenses is insufficient unless the party can prove that there are issues of greater ramification to be resolved. *Albritton Prop. v. Am. Empire Surplus Lines*, No. 3:04-CV-2531-P, 2005 WL 975423, at *3 (N.D. Tex. Apr. 25, 2005). In this case, Defendant does not present an issue of a greater ramification. If the contract is considered enforceable and breached, then these counterclaims will be rendered moot. Finally, R&S's overall potential to recover is not hindered by dismissing these Counterclaims.

Therefore, Plaintiff's Motion to Dismiss Count H (Declaratory Judgment) is GRANTED.

### E. Third-Party Claims

R&S also files several third-party claims against Hanson West, including a claim seeking foreclosure of a mechanic's lien, breach of contract, quantum meruit/unjust enrichment, fraudulent misrepresentation, promissory estoppel/anticipatory breach, conversion.

Under Texas law, a mechanic's lien may only be attached to the property when the property owner is in privity with the party who filed the lien. (*See Diversified Mortg. Investors v. Lloyd D. Blaylock General Contractor, Inc.*, 576 S.W.2d 794, 805 (Tex. 1978) (holding that "the person contracting with a mechanic or a materialman must have some interest in the property, either legal or equitable, upon which the lien may attach"). R&S has not proven that Hanson West was in privity with Hanson Aggregates. But, there is the possibility that R&S may be able to provide facts to show that Hanson West had a legal or equitable interest on which the lien may attach, thereby entitling R&S to relief. Defendant should be given the right to persuade the Court that it is due such recovery on this claim, as well as its other claims.

Therefore, Plaintiff's Motion to Dismiss Third Party Claims is DENIED.

### III.   CONCLUSION

For the reasons stated above, the Court has reached the following conclusions:

•      Plaintiff's Motion to Dismiss Count D (Fraudulent Misrepresentation) and ¶ 46 (Fraudulent Inducement) is GRANTED. Defendant has LEAVE TO AMEND its Counterclaim contained within Count D within 20 days of the issuance of this order.

- Plaintiff's Motion to Dismiss Count E (Promissory Estoppel/Anticipatory Breach) is DENIED.

- Plaintiff's Motion to Dismiss Count F (Conversion) is GRANTED.

- Plaintiff's Motion to Dismiss Count H (Declaratory Judgment) is GRANTED.

- Plaintiff's Motion to Dismiss Third Party Claims is DENIED.

**It is so ordered.**

Signed this 9th day of August 2006.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE